# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BENJAMIN HAMMAD,

        Plaintiff,

v.   Case No. 6:24-cv-163-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### I. Status

Benjamin Hammad ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "brain damage, back pain [and sciatica issues], [arthritis,] pelvic pain, one eye missing, balance problems, depression, anxiety, bipolar disorder and schizophrenia." Transcript of

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed April 1, 2024; Reference Order (Doc. No. 15), entered April 1, 2024.

Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed March 26, 2024, at 89, 95; see Tr. at 107, 115, 379.

On January 12, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of January 12, 2021. Tr. at 350-53 (DIB), 343-49 (SSI).[3] The applications were denied initially, Tr. at 88, 89-94, 131-34 (DIB); Tr. at 87, 95-106, 136-39 (SSI), and upon reconsideration, Tr. at 107-14, 128, 152-55 (DIB); Tr. at 115-27, 129, 146-47 (SSI).

On July 13, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] Tr. at 42-86. On October 25, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-31.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his lawyer. Tr. at 4-5 (Appeals Council exhibit list and order), 339-40 (request for review), 508-24 (brief). On January 3, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On

---

[3] The applications were actually completed on February 2, 2021. See Tr. at 343, 350. The protective filing date for both the applications is listed elsewhere in the administrative transcript as January 12, 2021. Tr. at 89, 107 (DIB), 95, 115 (SSI).

[4] The VE appeared via telephone. Tr. at 45.

January 25, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues "[t]he ALJ failed to apply the correct legal standards to [Plaintiff's] testimony regarding his pain and functional limitations." Plaintiff's Brief (Doc. No. 17; "Pl.'s Br."), filed April 25, 2024, at 4 (emphasis omitted). On May 28, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3

Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 19-31. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 12, 2021, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine, sacroiliitis, obesity, left eye blindness, right eye myopia, migraines, bipolar disorder with depression, generalized anxiety disorder, substance use disorder, and hearing loss." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except, [Plaintiff] can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; he can have no concentrated exposure to vibration, pulmonary irritants; can work in an environment with no more than a moderate noise level (as defined in the SCO); can perform work requiring frequent near and far acuity; he can have no exposure to unprotected heights or dangerous moving machinery; can perform no operation of a motor vehicle as part of job duties; able to perform simple, routine work tasks, with occasional interaction with the public and coworkers; and any changes in work setting should be introduced gradually.

Tr. at 22 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 28 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 28-29. After considering Plaintiff's age ("32 years old . . . on the alleged disability onset date"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Mail Clerk/Sorter" and "Cleaner Housekeeper." Tr. at 29 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from January 12, 2021, through the date of th[e D]ecision." Tr. at 31 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating his subjective complaints of pain and other symptoms. Pl.'s Br. at 4-8. According to Plaintiff, the ALJ "rejected [his] testimony regarding his impairments and limitations solely based on the lack of objective medical evidence in violation of 20 C.F.R. [§] 404.1529(c)(2) and SSR 16-3p." Id. at 7. Responding, Defendant argues the ALJ properly considered Plaintiff's subjective complaints and symptoms, and the ALJ's findings are supported by substantial evidence. Def.'s Mem. at 4-15.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and

7

> aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ summarized Plaintiff's testimony regarding how his impairments affect him:

> [Plaintiff] testified that he was shot when he was 13 years old and lost his left eye (BB gun). He experiences migraines, decreased peripheral vision, equilibrium problems, and face/head pain. He has difficulty working with screens and has blurry and double vision. [Plaintiff] testified that he has right eye vision only. He has corrective lenses, which help, but he alleged that his vision was worsening. He also alleged ear infections and problems with his hearing. He does not wear

8

> hearing aids. He is unable to afford them and was denied by his insurance. He also alleged back pain, which affects his ability to sit for long periods, causes inability to bend to pick things up, balance issues, and inability to walk a straight line. He reportedly ran out of medications in June 2023 and is currently out of medication. His back pain radiates to his lower extremities and causes pins and needle feelings.
>
> Mentally, he alleged memory loss. He elaborated that he forgets things all the time and has to make notes or log things on his phone. He endorsed anxiety that is sometimes crippling and causes him to not want to leave his home because he gets worked up, nervous, and anxious. He testified that sometimes he does not want to take care of himself. With respect to a job with a lot of pressure or deadlines, he reported that he would probably shut down, because he does not do well with those situations. He reported that he is pretty much a loner, regarding working with others. He alleged psychosis/schizophrenia and auditory hallucinations. He reported that he was fearful of having an episode in the work environment.

Tr. at 22-23 (citation omitted); see Tr. at 48-74 (Plaintiff's testimony). The ALJ then found as to Plaintiff's allegations of pain and functional limitations:

> [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

Tr. at 23. But, the ALJ did not stop there. The ALJ went on to discuss the rest of the evidence of record. Although Plaintiff characterizes this discussion as "fail[ing] to discuss or weigh any of the relevant factors" in the Regulations for evaluating pain and other symptoms, Pl.'s Br. at 7, the undersigned disagrees.

9

In discussing the evidence of record, the ALJ specifically considered Plaintiff's activities of daily living (albeit in a different section of the Decision), Tr. at 21; the reported location, frequency, and duration of pain and other symptoms, see, e.g., Tr. at 23-24 (discussion of reported migraines and back pain), 25 (discussion of vision, hearing, and migraine impairments and effects); medications prescribed and their effectiveness, Tr. at 24-27; other methods used by Plaintiff for dealing with the pain, Tr. at 24-27; and inconsistencies in Plaintiff's reporting about his drug use, Tr. at 26. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); see also Raper, 89 F.4th at 1277. Plaintiff does not challenge any of these detailed findings; they are supported by substantial evidence, reflect adequate consideration of the factors, and need not be disturbed.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 6, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record